# Exhibit "A"

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF SUFFOLK<br>-------------------------------------------------------------------X<br>TINA PELLICONE, as Administratrix of the Estate of<br>PHILIP PELLICONE, deceased,<br><br>                      Plaintiff,<br><br>                     - against -<br><br>EDWARDS LIFESCIENCES CORP.,<br><br>                      Defendant.<br>-------------------------------------------------------------------X | Index No.:<br>Date Purchased:<br>**SUMMONS**<br><br>Plaintiff designates Suffolk<br>County as the place of trial.<br><br>The basis of venue is:<br>Plaintiff's residence<br><br>Plaintiff resides at:<br>23 Woodlands Street<br>Huntington, NY 11743<br><br>County of SUFFOLK |

**To the abovenamed Defendant(s):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
         November 12, 2021

_____
PATRICK G. TONER
DELL & DEAN, PLLC
Attorneys for Plaintiff
TINA PELLICONE, as Administratrix of the Estate
of PHILIP PELLICONE, deceased
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700
File No. 5264

TO:    EDWARDS LIFESCIENCES CORP.
         One Edwards Way
         Irvine, California 92614

FILED: SUFFOLK COUNTY CLERK 11/12/2021 04:03 PM
INDEX NO. 621401/2021
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/12/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
TINA PELLICONE, as Administratrix of the Estate of
PHILIP PELLICONE, deceased,

Plaintiff,

- against -

EDWARDS LIFESCIENCES CORP.,

Defendant.
-----------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **DELL & DEAN, PLLC**, complaining of the Defendant, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At the time of the commencement of this action, Plaintiff, **TINA PELLICONE,** was and still is a resident of the County of Suffolk, State of New York. Prior to his death, Plaintiff's decedent, **PHILIP PELLICONE,** was a resident of the County of Suffolk, State of New York.

2. Plaintiff's decedent, **PHILIP PELLICONE,** passed away on July 20, 2020. On September 24, 2020, his daughter, Plaintiff, **TINA PELLICONE,** was appointed as the Administrator of the Estate of Philip Pellicone by the Surrogate's Court of the State of New York, County of Suffolk.

3. That at all times herein mentioned, Defendant **EDWARDS LIFESCIENCES CORP.,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of California and doing business in the State of New York.

4. That Defendant, **EDWARDS LIFESCIENCES CORP.**, committed a tortious act within the State of New York.

5. That Defendant, **EDWARDS LIFESCIENCES CORP.**, regularly does, or solicits, business in the State of New York.

6. That Defendant **EDWARDS LIFESCIENCES CORP.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

7. That at all times herein mentioned, the Defendant **EDWARDS LIFESCIENCES CORP.**, was in the business of selling, manufacturing and/or distributing an Edwards SAPIEN 3 Ultra Delivery System and an Edwards Axela Sheath, for the purpose of sale and use to the general public, hospitals, and physicians.

8. That at all times herein mentioned, March 16, 2020, and thereafter, the Defendant, **EDWARDS LIFESCIENCES CORP.**, designed, manufactured, sold, distributed, an/or delivered the above-mentioned products, to various retailers, hospitals, and physicians.

9. That the Defendant, **EDWARDS LIFESCIENCES CORP.**, designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed, and sold certain products, including: the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath.

10. That at all times herein mentioned, and March 16, 2020, the Defendant, **EDWARDS LIFESCIENCES CORP.**, manufactured, sold, distributed, and delivered, the above-mentioned products, to various retailers, hospitals and physicians.

11. On or about July 8, 2019, the Defendant, **EDWARDS LIFESCIENCES CORP.**, issued a recall for the SAPIEN 3 Ultra Delivery System as unsafe for recipients, posing a public health risk and warned of the product's dangerous propensities.

12. That on March 16, 2020, Plaintiff's Decedent, **PHILIP PELLICONE**, was implanted with the Edwards SAPIEN 3 Ultra Delivery System, utilizing the Edwards Axela Sheath, in the manner intended and/or foreseeably intended, when the products caused injury to the plaintiff, thereby causing severe and catastrophic personal injuries to plaintiff.

13. That the Defendant, **EDWARDS LIFESCIENCES CORP.**, warranted said products, as being fit for the purposes for which they were intended and used.

14. That the Defendant, **EDWARDS LIFESCIENCES CORP.**, warranted that said products were safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that these products were good, safe and proper to use.

15. That the Defendant, **EDWARDS LIFESCIENCES CORP.**, impliedly warranted that the said products were of merchantable quality and were safe for use.

16. That the Defendant, **EDWARDS LIFESCIENCES CORP.**, designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed, and sold a certain Edwards SAPIEN 3 Ultra Delivery System and an Edwards Axela Sheath, which caused Plaintiff's Decedent, **PHILIP PELLICONE**, to suffer severe and permanent personal injuries, including death.

17. That relying upon said warranties, Plaintiff's Decedent, **PHILIP PELLICONE**, proceeded to use the said products in accordance with their intended use.

18. That Defendant, **EDWARDS LIFESCIENCES CORP.**, warranted and labeled its products and provided certain written instructions on said labels in connection with the use of the products.

19. That on March 16, 2020, and thereafter, the Plaintiff's decedent, **PHILIP PELLICONE,** while using the products, in accordance with their intended uses and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

20. That the aforesaid injuries, were caused without any fault and/or negligence on the part of the Plaintiff's decedent, **PHILIP PELLICONE,** contributing thereto.

21. That the aforesaid accident was caused solely and wholly by reason that Defendant, **EDWARDS LIFESCIENCES CORP.,** breached its warranties of merchantability and fitness for intended use of the said products, which warranties were both express and implied.

22. That the carelessness and recklessness of the Defendant, **EDWARDS LIFESCIENCES CORP.,** in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution, and selling of the aforesaid Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, which were subject to such foreseeable occurrence and in failing to provide proper instructions or warnings; in designing, manufacturing, and placing into the stream of commerce, inherently and unreasonably dangerous products, when used in the ordinary and usual manner; in designing, manufacturing, assembling and distributing the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, which were unfit for their intended purposes and were dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the products during manufacturing and assembly process; in negligently and carelessly warranting, representing and advertising that the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath were safe and free from danger, when used in the customary

and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the Edwards SAPIEN 3 Ultra Delivery System and Edwards Axela Sheath which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a Edwards SAPIEN 3 Ultra Delivery System and Edwards Axela Sheath which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendant, **EDWARDS LIFESCIENCES CORP.**, was otherwise negligent in the operation, supervision and maintenance of above-referenced devices.

23. That by reason of the foregoing, Plaintiff's Decedent, **PHILIP PELLICONE**, sustained serious injuries, including severe pain, suffering, shock, agony, and death.

24. That this action falls within one or more exception set forth in § 1602 of the CPLR.

25. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

27. That at all times hereinafter mentioned, the Defendant designed, manufactured and distributed the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath in question, knowing and intending for these devices to be used by the public.

28. That on March 16, 2020, the Plaintiff's decedent, **PHILIP PELLICONE**, was making use of the afore-mentioned Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, in a manner which the Defendant, **EDWARDS LIFESCIENCES CORP.**, knew and intended to be used and/or in a manner foreseeable by the Defendant.

FILED: SUFFOLK COUNTY CLERK 11/12/2021 04:03 PM
NYSCEF DOC. NO. 1
INDEX NO. 621401/2021
RECEIVED NYSCEF: 11/12/2021

29. That the said products were defective and that said defects were each a substantial factor in causing injury to the Plaintiff's Decedent, **PHILIP PELLICONE**.

30. That on March 16, 2020, Plaintiff's Decedent **PHILIP PELLICONE**, used the aforementioned products for the purposes and uses normally intended.

31. That on July 24, 2017, while Plaintiff's Decedent, **PHILIP PELLICONE,** was using the aforementioned products, which were without any guards, or warnings, when one, and/or both of the devices malfunctioned, causing Plaintiff's decedent to suffer severe bodily injuries.

32. That upon information and belief, the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath herein referenced, were defective in that, among other things, they were made of improper and defective material; they were improperly designed; they were improperly manufactured; they each failed to have adequate and proper warnings, and/or instructions; they were unsafe to be used for the purposes intended; they were inherently and/or unreasonably dangerous; they caused severe injuries while being used and the products were otherwise defective.

33. That on March 16, 2020, while Plaintiff's Decedent, **PHILIP PELLICONE,** was caused to sustain those bodily injuries, through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions, which constituted the negligence of the Defendant, **EDWARDS LIFESCIENCES CORP.**, its agents, servants, employees and/or licensees in improperly and negligently manufacturing, designing, producing, distributing, and maintaining said products for use by the general public, hospitals and physicians; and in otherwise being careless and negligent.

FILED: SUFFOLK COUNTY CLERK 11/12/2021 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 621401/2021
RECEIVED NYSCEF: 11/12/2021

34. That by reason of the foregoing, the Defendant, **EDWARDS LIFESCIENCES CORP.**, its agents, servants, employees and/or licensees are liable to Plaintiff, in strict liability and tort, and/or strict product liability.

35. That by reason of the foregoing, Defendant is liable to the Plaintiff and Plaintiff's Decedent, **PHILIP PELLICONE**, under the doctrine of Strict Products Liability and pursuant to Section 402A -Restatement of Torts Second.

36. That by reason of the foregoing, Plaintiff and Plaintiff's decedent were damaged in a sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

38. That Defendant, **EDWARDS LIFESCIENCES CORP.**, its agents, servants, and/or employees, expressly, or impliedly, warranted and represented to the plaintiff and/or the plaintiff's decedent, that the aforesaid Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath were safe, proper, merchantable and fixable, for the foreseeable and intended uses for which they were designed, manufactured, and assembled; that they were not a danger to the user; that they would not be dangerous, or present a risk of injury; that the afore-mentioned products were free from defects, were reasonably safe, were of merchantable quality and were reasonably fit for the purposes for which they were designed, manufactured, assembled, inspected, tested, sold, and purchased and intended to be used.

39. That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, the Defendant, **EDWARDS LIFESCIENCES CORP.**, its agents, servants and/or employees, knew that the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath, would be used and the users of said Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath would rely upon the expressed and implied warranties and representations that the said Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath were safe, proper, merchantable, and fit for their intended uses and were free from any defects.

40. That by reason of the foregoing, the Defendant, **EDWARDS LIFESCIENCES CORP.**, violated and breached the aforementioned express and implied warranties and that the Edwards SAPIEN 3 Ultra Delivery System and the Edwards Axela Sheath were not reasonably fit, not of merchantable quality, unfit for their intended uses, were unsafe, defective, and constituted an unreasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold, and distributed.

41. That Plaintiff's Decedent, **PHILIP PELLICONE,** sustained severe bodily injuries and death, through no fault, or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **EDWARDS LIFESCIENCES CORP.**, its agents, servants, employees and/or licensees, in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said products for use by the general public; and in otherwise being careless and negligent.

42. That by reason of the foregoing, Plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

FILED: SUFFOLK COUNTY CLERK 11/12/2021 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 621401/2021
RECEIVED NYSCEF: 11/12/2021

## AS AND FOR A FOURTH CAUSE OF ACTION

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length, herein.

44. That the Plaintiff's Decedent, **PHILIP PELLICONE,** died on July 20, 2020, as a result of the carelessness, recklessness, unskillfulness, and negligence of Defendant, **EDWARDS LIFESCIENCES CORP.,** and/or its employees, without any act, omission to act, or negligent act on the part of the decedent, contributing thereto.

45. That by virtue of is wrongful death, the estate of the decedent has been damaged in an amount which exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction herein.

46. That Plaintiff is entitled to recovery for decedent's wrongful death, pursuant to the New York Estate Powers and Trust Law §§ 5-4.1 and 5-4.3.

FILED: SUFFOLK COUNTY CLERK 11/12/2021 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 621401/2021
RECEIVED NYSCEF: 11/12/2021

**WHEREFORE**, Plaintiff demands judgment against the Defendant, **EDWARDS LIFESCIENCES CORP.**, herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts, which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
November 12, 2021

Yours, etc.

_____
PATRICK G. TONER
DELL & DEAN, PLLC
Attorneys for Plaintiff
TINA PELLICONE, as Administratrix of the Estate
of PHILIP PELLICONE, deceased
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

VERIFICATION

STATE OF New York )
                  ) ss.:
COUNTY OF Nassau  )

I, Tina Pellicone, being duly sworn, deposes and says:

I am the plaintiff in the within action;

I have read the following Summons + Complaint and believe the same to be true to my knowledge; the same is true to my knowledge except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

X _____

Sworn to before me this
12th day of November, 2021

X _____
Notary Public

DONNA M. PARENT
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PA5008225
Qualified in Suffolk County
My Commission Expires 02-16-2023

Index No:
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

---

TINA PELLICONE, as Administratrix of the Estate of PHILIP PELLICONE, deceased,

*Plaintiff,*

-*against*-

EDWARDS LIFESCIENCES CORP.,

*Defendant.*

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700

---

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41A.*

Dated:  November 12, 2021

Signature: /s/ Patrick Toner
Print: Patrick G. Toner

---

**PLEASE TAKE NOTICE**

**NOTICE OF Entry**
That the within is a (certified) true copy of an Entered in the office of the clerk of the within-named Court on

**NOTICE OF SETTLEMENT**
That an Order of which is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____ on _____ 20__ , at ____ M.
Dated:

---

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 880-9700